# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| PARWANA AMANZOUI, § <br> § <br> *Plaintiff,* § <br> § <br> v. § <br> § <br> UNIVERSAL UNDERWRITERS. § <br> INSURANCE COMPANY, § <br> § <br> *Defendant*. § | CASE NO. 2:09-CV-65-TJW |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Universal Underwriters Insurance Company's ("Universal's") motion for judgment on the pleadings. (*See* Dkt. No. 243.) For the following reasons, the court DENIES the motion.

## I.   BACKGROUND

The underlying suit is for declaratory judgment, contract reformation, breach of contract, and damages. This matter arises from an automobile accident that occurred on March 4, 2007 in the Eastern District of Texas. At the time of the accident, Plaintiff Parwana Amanzoui ("Parwana") was riding in an automobile driven by her husband, Dean Amanzoui, and owned by her husband's employer, the Huffines Automotive Group ("Huffines"). Huffines is a Texas automobile dealership with multiple places of business located throughout the state. Parwana alleges that the accident was the fault of another automobile and that the other automobile lacked sufficient insurance to compensate her for injuries she sustained in that accident.

Parwana brought this suit against Universal. At the time of the accident, Huffines carried its insurance with Universal pursuant to a multiple coverage policy known as a Unicover policy (the "Policy"). Along with other types of insurance coverage, the Policy includes Underinsured Motorists

1

Insurance (UIM) coverage. However, the UIM coverage offered under the Policy is limited. Pursuant to Endorsement No. 344, the "insureds" for purposes of the UIM coverage is expressly limited to three categories of persons: (1) persons designated in the policy, (2) family members of persons designated in the policy, and (3) persons occupying vehicles driven by someone falling within the category no. 1 or no. 2. The list of designated persons under the UIM coverage does not include Parwana or her husband Dean Amanzoui.

## II.  APPLICABLE LAW

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed … a party may move for judgment on the pleadings." The legal standards for review of motions pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(c) are indistinguishable. *Demuria v. Hawkes*, 328 F.3d 704, 706 n.1 (2d Cir. 2003). The Supreme Court has held that a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, but the plaintiff's obligation to state the grounds of entitlement to relief requires "more than labels and conclusions." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 553-555 (2007). The factual allegations must be sufficient to raise a "right to relief above the speculative level." *Id.* at 555. The court must assume that the allegations in the complaint are true. *See id.*; *Neitzke v. Williams,* 490 U.S. 319, 326-329 (1989). "What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations." *Id.* at 327. The "issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). "[T]he court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.*

The parties rely upon section 1952.101 of the Texas Insurance Code, which provides the required UIM coverage under insurance policies issued in Texas:

(a) In this section, "uninsured or underinsured motorist coverage" means the provisions of an automobile liability insurance policy that provide for coverage in at least the limits prescribed by Chapter 601, Transportation Code, that protects insureds who are legally entitled to recover from owners or operators of uninsured or underinsured motor vehicle damages for bodily injury, sickness, disease, or death, or property damage resulting from the ownership, maintenance, or use of any motor vehicle.

(b) An insurer may not deliver or issue for delivery in this state an automobile liability insurance policy, including a policy provided through the Texas Automobile Insurance Plan Association under Chapter 2151, that covers liability arising out of the ownership, maintenance, or use of any motor vehicle unless the insurer provides uninsured or underinsured motorist coverage in the policy or supplemental to the policy.

(c) The coverage required by this subchapter does not apply if any insured named in the insurance policy rejects the coverage in writing. Unless the named insured requests in writing the coverage required by this subchapter, the insurer is not required to provide that coverage in or supplemental to a reinstated insurance policy or renewal insurance policy if the named insured rejected the coverage in connection with that insurance policy or an insurance policy previously issued to the insured by the same insurer or by an affiliated insurer.

*See* Texas Insurance Code Section 1952.101.

## III. DISCUSSION

The material facts as alleged in the pleadings are not in dispute regarding the present motion. The sole issue before this court is whether Defendant Universal may rely on an endorsement to the insurance policy that does not provide UIM coverage to all occupants of otherwise covered vehicles. Plaintiff contends that such a restriction is invalid as a matter of law, and Defendant contends that such a provision is not contrary to Texas law or the Texas Insurance Code.

Defendant argues that the pleadings clearly demonstrate that Parwana is not entitled to recover UIM benefits under the UIM policy. Defendant argues that the UIM policy provides who is entitled to UIM coverage and that does not include all occupants of the vehicle. Specifically, the policy restricts UIM coverage to persons designated in the Policy and their family members and also to persons riding with such designated persons. Because Parwana does not fall within any of these categories of uninsureds, Defendant argues that Parwana is not entitled to UIM coverage under the Policy.

Defendant argues that there is nothing in the Texas Insurance Code that requires insurance carriers to issue a policy of insurance which includes UIM coverage for all occupants of vehicles.

Specifically, Defendants argue that there is nothing in the Texas Insurance Code that mandates "covered" persons under the UIM provisions of policies to include "all occupants" of vehicles who are not designated insureds. Rather, the Texas Insurance Code only requires that insurers offer UIM coverage to "insureds." Further, Defendant argues that the insured is free to reject that coverage by a signed waiver pursuant to Texas Insurance Code § 1952.101(c). Defendant argues that because an insured can decline UIM coverage *in toto*, there is no prohibition of allowing the insured to make available UIM coverage to a defined group of individuals rather than everyone riding in the vehicle. Further, Defendants argue that whether Parwana and her husband were potentially protected by other provisions in the Policy, such as medical benefits as an occupant or liability coverage as a driver, it is not inconsistent with the Texas Insurance Code to not be protected by a separate UIM coverage.

Plaintiff argues that denial of uninsured motorist coverage to Parwana is contrary to the letter and spirit of the Texas Insurance Code. Plaintiff argues that because the Code does not expressly authorize the limitation of UIM coverage to "designated individuals" or the exclusion of otherwise "insured" individuals from UIM protection, the insurance carrier and the insured do not have the ability to exclude individuals from UIM protection. Plaintiff argues that the Texas Insurance Code mandates that UIM coverage be offered with all insurance policies and provided to all "insureds" under that policy. Further, Plaintiff argues that because Arwana was an "insured" under the Policy's medical payments coverage, she is within the scope of the UIM statute as an "insured" and cannot be excluded from at least the statutory minimum limits of UIM protection. Thus, Plaintiff argues that Defendant Universal's efforts to impose restrictions not found in the statute are improper and ineffective as attempts to void or narrow the scope of insurance coverage specified by the Texas legislature.

The court is not persuaded by Defendant's arguments. It appears undisputed that Dean Amanzoui was a person "insured" for purposes of the Policy's liability coverage for the vehicle in the accident and both Parwana and her husband were persons "insured" for purposes of the medical payments coverage of the Policy. Defendant has not shown that Parwana does not qualify as an "insured" under the Texas Insurance Code that is required to receive UIM coverage. Further, Defendant has not shown that it is not

contrary to Texas law to not provide UIM coverage to occupants of otherwise covered vehicles and individuals who may be otherwise "insured" under the Policy. Thus, given the standard for a judgment on the pleadings, the court finds that Defendant Universal is not entitled to judgment on the pleadings.

**IV.    CONCLUSION**

For the foregoing reasons, the court hereby DENIES the motion.

SIGNED this 27th day of August, 2009.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE