UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DEAN AND PARWANA AMANZOUI, Individually and as next friends of FAHIM AMANZOUI and SABRINA AMANZOUI, | § § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | CASE NO. 2:09-CV-65-TJW |
| UNIVERSAL UNDERWRITERS INSURANCE COMPANY, | § § § § | |
| *Defendant.* | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Universal Underwriters Insurance Company's ("Universal's") motion for summary judgment. [Dkt. No. 41.] For the following reasons, the Court GRANTS the motion.[1]

### **I. BACKGROUND**

The underlying suit is for declaratory judgment, negligence, contract reformation, breach of contract, bad faith, and violations of Chapters 541 and 542 of the Texas Insurance Code. On May 7, 2010, the parties notified the Court that they had settled and filed an agreed motion approving certain agreements, stipulations, and procedure for entry of judgment. [*See* Dkt No. 50.] In particular, the parties have settled all issues, and the amount of settlement depends solely on the Court's ruling as the issue of whether, as a matter of law, Plaintiff Parwana Amanzoui ("Parwana") is a covered person under the insurance policy at issue for Underinsured Motorists Insurance ("UIM") benefits. *See id.* The Court adopts the parties' agreed settlement motion.

---

[1] The Court is fully aware that previously in this case it denied Defendant's motion for judgment on the pleadings based on similar arguments that Plaintiffs were not entitled to UIM benefits. [*See* Dkt. No. 28]. The Court finds that, contrary to Plaintiffs' arguments, that its prior ruling in this case is not the "law of the case."

1

This order addresses the sole issue of whether Parwana is entitled to receive UIM benefits under the insurance policy in dispute.

This matter arises from an automobile accident that occurred on March 4, 2007 in the Eastern District of Texas. At the time of the accident, Parwana was riding in an automobile driven by her husband, Dean Amanzoui, and owned by her husband's employer, the Huffines Automotive Group ("Huffines"). At the time of the accident, Dean Amanzoui was an employee of Huffines. Huffines is a Texas automobile dealership with multiple places of business located throughout Texas. Parwana alleges that the accident was the fault of another automobile and that the other automobile lacked sufficient insurance to compensate her for injuries she sustained in that accident. Parwana brought this suit against Universal. The Plaintiffs contend that the other driver's liability coverage is insufficient to compensate Parwana for her injuries. At the time of the accident, Huffines carried its insurance with Universal pursuant to a multiple coverage policy known as a Unicover policy (the "Policy").

The Policy's liability omnibus clause provides that liability coverage extends to "any of your paid employees or a member of their household when using an auto covered by this coverage part or when legally responsible for its use." Along with other types of insurance coverage, the Policy includes UIM coverage. However, the UIM coverage offered under the Policy is limited. Pursuant to Endorsement No. 344, the "insureds" for purposes of the UIM coverage is expressly limited to three categories of persons: (1) persons designated on the declarations as subject to the UIM policy, (2) family members of persons designated in the UIM policy, and (3) persons occupying vehicles driven by someone falling within the category no. 1 or no. 2. It is uncontested that the list of designated persons under the UIM coverage does not include Parwana or her husband Dean Amanzoui.

The parties rely upon section 1952.101 of the Texas Insurance Code, which provides the required UIM coverage under insurance policies issued in Texas:

> (a) In this section, "uninsured or underinsured motorist coverage" means the provisions of an automobile liability insurance policy that provide for coverage in at least the limits prescribed by Chapter 601, Transportation Code, that protects insureds who are legally entitled to recover from owners or operators of uninsured or underinsured motor vehicle damages for bodily injury, sickness, disease, or death, or property damage resulting from the ownership, maintenance, or use of any motor vehicle.
>
> (b) An insurer may not deliver or issue for delivery in this state an automobile liability insurance policy, including a policy provided through the Texas Automobile Insurance Plan Association under Chapter 2151, that covers liability arising out of the ownership, maintenance, or use of any motor vehicle unless the insurer provides uninsured or underinsured motorist coverage in the policy or supplemental to the policy.
>
> (c) The coverage required by this subchapter does not apply if any insured named in the insurance policy rejects the coverage in writing. Unless the named insured requests in writing the coverage required by this subchapter, the insurer is not required to provide that coverage in or supplemental to a reinstated insurance policy or renewal insurance policy if the named insured rejected the coverage in connection with that insurance policy or an insurance policy previously issued to the insured by the same insurer or by an affiliated insurer.

*See* TEXAS INSURANCE CODE Section 1952.101.

## II. APPLICABLE LAW

A grant of summary judgment is proper if the pleadings and evidence show that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-55 (1986). Upon reviewing the evidence, the Court may only grant summary judgment if there is no genuine dispute of material fact, meaning that "a reasonable jury could [not] return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. When ruling on a motion for summary judgment, the non-movant's evidence is to be believed and all justifiable inferences are to be drawn in its favor. *Id.* at 255. When the summary

judgment movant demonstrates the absence of a genuine dispute over any material fact, the burden shifts to the non-movant to show there is a genuine factual issue for trial. *Celotex*, 477 U.S. at 323-24.

### III. DISCUSSION

The material facts are not in dispute regarding the present motion. The sole issue before this Court is whether Defendant Universal may rely on an endorsement to the insurance policy that does not provide UIM coverage to Parwana. Plaintiffs contend that such a restriction is invalid as a matter of law, and Defendant contends that such a provision is not contrary to Texas law or the Texas Insurance Code.

Defendant argues that the Policy clearly demonstrate that Parwana is not entitled to recover UIM benefits. Defendant argues that the UIM policy provides who is entitled to UIM coverage and that does not include all occupants of the vehicle. Specifically, the policy restricts UIM coverage to persons designated in the Policy and their family members and also to persons riding with such designated persons. Because Parwana does not fall within any of these categories, Defendant argues that Parwana is not entitled to UIM coverage under the Policy. Defendant argues that UIM coverage is strictly optional and not mandatory, and that that insurers are free to issue policies without UIM coverage for occupants. Defendant argues that there is nothing in the Texas Insurance Code that requires insurance carriers to issue a policy of insurance which includes UIM coverage for all occupants of vehicles. Specifically, Defendant argues that there is nothing in the Texas Insurance Code that mandates "covered" persons under the UIM provisions of policies to include "all occupants" of vehicles who are not designated insureds. Rather, the Texas Insurance Code only requires that insurers offer UIM coverage to "insureds." Further, Defendant argues that the insured is free to reject that coverage by a signed

waiver pursuant to Texas Insurance Code § 1952.101(c).  Defendant argues that because an insured can decline UIM coverage *in toto*, there is no prohibition of allowing the insured to make available UIM coverage to a defined group of individuals rather than everyone riding in the vehicle.  Further, Defendant argues that whether Parwana and her husband were potentially protected by other provisions in the Policy, such as medical benefits as an occupant or liability coverage as a driver, it is not inconsistent with the Texas Insurance Code to not be protected by a separate UIM coverage.

Plaintiffs argue that denial of uninsured motorist coverage to Parwana is contrary to the letter and spirit of the Texas Insurance Code.  Plaintiffs argue that because the Code does not expressly authorize the limitation of UIM coverage to "designated individuals" or the exclusion of otherwise "insured" individuals from UIM protection, the insurance carrier and the insured do not have the ability to exclude individuals from UIM protection.  Plaintiffs argue that the Texas Insurance Code mandates that UIM coverage be offered with all insurance policies and provided to all "insureds" under that policy.  Further, Plaintiffs argue that because Parwana was an "insured" under the Policy's medical payments coverage, she is within the scope of the UIM statute as an "insured" and cannot be excluded from at least the statutory minimum limits of UIM protection.  Plaintiffs argue that Texas law does not allow Huffines to accept liability coverage for its "friends and family" while excluding occupants of otherwise covered vehicles and individuals who are otherwise "insured" under the Policy.  Thus, Plaintiffs argue that Defendant Universal's efforts to impose restrictions not found in the statute are improper and ineffective as attempts to void or narrow the scope of insurance coverage specified by the Texas legislature.

This Court construes an insurance contract as it does any other contract. *Balandran v. Safeco Ins. Co. of America*, 972 S.W.2d 738, 740-41 (Tex. 1998). The Court's primary goal "is to give effect to the written expression of the parties' intent." *Id.* at 741. The Court finds that the Policy is clear and unambiguous that the Plaintiffs are not entitled to recover UIM benefits. It is undisputed that Dean and Parwana Amanzoui were not expressly provided UIM coverage under the Policy. Under the UIM portion of the Policy, the Amanzouis can only be an insured if they qualify as an individual designated on the declarations, a family member of such individual, or a passenger in a covered auto driven by these individuals. The Amanzouis do not qualify under any of these provisions. Nowhere does the Policy state that every person covered for liability purposes is also a UIM designated person or covered by UIM benefits. Liability coverage is not UIM coverage. The fact that Parwana may be covered as a "liability insured" at the time of the accident does not necessarily mean that she is afforded UIM coverage. *See Martha v. American Home Assurance Co.*, 2004 WL 2005934, *9, n.10 (Tex. App. - Houston [1st Dist.] 2004) ("[N]o Texas court has held that [the Code] provides for a broader category of those to whom UM/UIM coverage must be extended than the definitions of an UM/UIM insured contained in the standard Texas endorsement," and "no Texas Court has held that an employee provided liability coverage under an [Employee Additional Insured] endorsement is entitled to UM/UIM coverage, regardless of whether he falls within the definitions of an UM/UIM insured or whether a premium has been paid by him.")

The Court also finds that Texas law does not mandate that the Amanzouis are insureds for purposes of UIM coverage. The Texas Insurance Code expressly allows any insured named in the insurance policy to reject the UIM coverage in writing. *See* TEXAS INSURANCE CODE § 1952.101(c). The Court finds that if Huffines has the legal right to reject the UIM coverage *in*

*toto* – which it does, that it has the right to restrict coverage to persons expressly designated in the Policy. There is nothing in the statutes or case law that prohibits Huffines from restricting UIM coverage to selected individuals. Further, the Court finds that Plaintiffs have not shown that, as a matter of public policy, the Amanzouis are required to be provided UIM coverage. On one hand, public policy favors freedom of contract and enforcing contracts as written, and on the other hand, the Court must consider the extent to which the contract frustrates important public policy. *See Fairchild Ins. Co. v. Stephens Martin Paving, Lp.*, 246 S.W.3d 653, 663-64 (Tex. 2008). Further, the Texas Supreme Court has held that it is not against public policy to limit UIM insureds to certain individuals. *See Grain Dealers Mutual Insurance Co. v. McKee*, 943 S.W.2d 455, 457-460 (Tex. 1997). As the Texas Supreme Court has stated, the Insurance Code allows any insured named in the Policy "to reject UM/UIM and PIP coverage in writing. Even in cases where we have held a policy provision to violate the PIP and UIM sections of the Code, we have not attempted to provide coverage for persons who are not insured under the Policy." *Id.* at 459-60.

The Court finds that, pursuant to the express terms of the Policy, Plaintiffs are not entitled to recover UIM benefits. When the Policy is clear, the Court is obligated to enforce the terms of the Policy unless it is against public policy or Texas law. Because Huffines has the legal right to reject the UIM coverage in its entirety pursuant to the Texas Insurance Code, The Court finds that it also has the right to restrict coverage to persons expressly designated in the Policy. The Court finds that, as a matter of public policy under the facts of this case, the Plaintiffs are not required to be provided UIM coverage. The Court rejects Plaintiffs' arguments to the contrary. Thus, as a matter of law, Parwana's claim for UIM benefits fails and summary judgment in favor of Universal is appropriate.

## IV. CONCLUSION

For the foregoing reasons, as a matter of law, the Court finds that Parwana is not entitled to recover UIM benefits under the Policy. Thus, the Court GRANTS Defendant's motion for summary judgment.

SIGNED this 12th day of May, 2010.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE